949 F.2d 399
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Fernando ACEVEDO-FERNANDEZ, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 90-70684.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Nov. 6, 1991.*
Decided Dec. 10, 1991.
 
 Before SNEED, BEEZER and TROTT, Circuit Judges.
 
 MEMORANDUM
 
 1
 An alien may be deported from the United States if, "at any time [the alien] has been convicted of a violation of, or a conspiracy or attempt to violate, any law or regulation of a State, the United States, or a foreign country relating to a controlled substance (as defined in section 102 of the Controlled Substances Act (21 U.S.C. 802))." 8 U.S.C. § 1251(a)(11).
 
 
 2
 Aliens deportable under 8 U.S.C. § 1251(a)(11), except those convicted of a single offense of simple possession of 30 grams or less of marijuana, are ineligible for suspension of deportation under 8 U.S.C. § 1254(a)(2) or for voluntary departure under 8 U.S.C. § 1254(e). See 8 U.S.C. § 1254(a)(2); 8 U.S.C. § 1254(e).
 
 
 3
 The Board of Immigration Appeals did not err in holding that the petitioner was deportable and was ineligible for suspension of deportation or voluntary departure as a result of his conviction for using and being under the influence of phencyclidine ("PCP"), a controlled substance.
 
 
 4
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3